**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Winston Alexander AARONS,
Defendant–Appellant.**

**Nos. 11–10291, 11–10292.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 19, 2012.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert A. Bork, An Mai Nguyen, Robert Lawrence Ellman, Esquire, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Winston Alexander Aarons, Pahrump, NV, pro se.

Jason F. Carr, Esquire, Assistant Federal Public Defender, Brenda Weksler, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

In these consolidated appeals, Winston Alexander Aarons appeals from the 46–month sentence imposed following his guilty-plea conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326, and from the eight-month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aarons contends that his 46–month sentence is substantively unreasonable under *United States v. Amezcua–Vasquez,* 567 F.3d 1050 (9th Cir.2009), given the staleness of his prior conviction, and his subsequent lack of drug trafficking convictions. The bottom-of-the-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108–09 (9th Cir.2010) (district court did not abuse its discretion by applying 16–level enhancement where section 3553(a) factors supported within-Guidelines sentence). Further, the district court did not abuse its discretion by declining to vary downward on the basis of the proposed amendments to U.S.S.G. § 2L1.2(b). *See United States v. Ruiz–Apolonio,* 657 F.3d 907, 917–18 (9th Cir.2011).

Aarons also contends that his eight-month sentence is substantively unreasonable because the district court declined to make it a fully concurrent sentence. The bottom-of-the-Guidelines, partially concurrent sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *United States v. Miqbel,* 444 F.3d 1173, 1182 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.